# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| Plaintiff, ) | |
| v. ) | 2:13-cv-00772-RCJ-CWH |
| TACOS LA PALMA. LLC et al., ) | **ORDER** |
| Defendants. ) | |

This case arises out of the unauthorized intercept and public display of a boxing match in which Plaintiff has exclusive distribution rights. Plaintiff has moved for a default judgment. For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff J&J Sports Productions, Inc. ("J&J") had the exclusive distribution rights to a May 7, 2011 nationwide closed-circuit telecast of a boxing match between Manny Pacquiao and Shane Mosely (as well as all "under-card bouts" and commentary broadcast during the same program) on that date. (*See* Am. Compl. ¶ 14, May 20, 2013, ECF No. 5). Defendant unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the program at the time of its transmission at its commercial establishment in Las Vegas. (*See id.* ¶ 17).

Plaintiff sued Tacos La Palma, LLC ("Tacos") and Francisco Nunez in this Court on three causes of action: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 533; and (3)

conversion. Plaintiff filed an Amended Complaint omitting Nunez, as to whom Plaintiff voluntarily dismissed. Plaintiff requests $110,000 in statutory damages under the first claim, $60,000 in statutory damages under the second claim, and damages according to proof under the third claim. Plaintiff has also asked for fees and costs under each claim, as well as punitive damages under the third claim. Tacos' statutory agent has been properly served, but Tacos has not appeared to defend. (*See* Summons Returned Executed, June 19, 2013, ECF No. 9). The Clerk has entered default, and Plaintiff has asked the Court for a default judgment.

## II.   LEGAL STANDARDS

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A court may, "for good cause shown," set aside an entry of default. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). In order for a court to determine whether to "exercise its discretion to enter a default [judgment]," the court should consider seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

## III.   ANALYSIS

The Court will grant a default judgment. There is no indication of excusable neglect or of any facts indicating that the claims are not meritorious. Defendant has simply ignored the Summons. Because the amount requested is great, however—the amounts requested are the statutory maximums

and are likely high enough to put Defendant out of business—the Court will require Plaintiff to argue the basis for its damages calculation at a hearing at which Defendants will have a final opportunity to argue why damages should be lower than those requested in the Complaint.  The amount of $110,000 appears to be the maximum authorized for a willful violation of § 605 for the purposes of commercial gain; damages for a non-willful violation are capped at $10,000, and the minimum in either case is $1000. *See* 47 U.S.C. § 605(e)(3)(C)(i)–(ii).  The amount of $60,000 appears to be the maximum authorized for a willful violation of § 553 for the purposes of commercial gain; damages for a non-willful violation are capped at $10,000, and the minimum in either case is $250. *See* 47 U.S.C. § 553(c)(3)(A)–(B).  Compensatory damages for conversion equal the value of the thing taken from the plaintiff, which in this case is likely equal to what it would have cost Defendants legally to sublicense the public rebroadcast of the match through Plaintiff.  Punitive damages under the conversion claim require a showing of oppression, fraud, or malice and are capped by statute by the greater of $300,000 or treble damages. *See* Nev. Rev. Stat. § 42.005(1)(a)–(b).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 12) is GRANTED.  Plaintiff shall file a proposed judgment and shall contact the Court to arrange an evidentiary hearing for the purposes of determining the amount of damages requested therein.  Plaintiff shall notify Defendant of the hearing once scheduled.

IT IS SO ORDERED.

DATED: this 30th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge